IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DENISE-BRADFORD: HOLMES,

    Plaintiff,

v.                                                                      Civ. No. 18-189 JB/GBW

GRANT COUNTY SHERIFF DEPARTMENT, *et al.*,

    Defendants.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Defendants' Motion to Dismiss for Failure to State a Claim and the corresponding briefing. *Docs. 16, 17, 19*.[1] Having reviewed the Motion and applicable law, I recommend that the Court GRANT Defendants' Motion to Dismiss.

### I.    BACKGROUND

On February 26, 2018, Plaintiff filed her Complaint, which she supplemented on March 14, 2018. *Docs. 1, 11*. Plaintiff contends that the Grant County Sheriff and a Grant County Sheriff Deputy violated New Mexico criminal statutes and her "Natural Rights" and "Common Law Rights" when they cited and arrested Plaintiff and towed her automobile, allegedly in response to discovering Plaintiff driving her vehicle without a driver's license, automobile registration, or car insurance. *See doc. 1 at 5; doc. 11 at 3; doc. 17*

---

[1] Plaintiff also filed a surreply (*doc. 22*), which the undersigned did not consider in light of Plaintiff's failure to obtain leave of the Court before filing it. *See* D.N.M.LR-Civ. 7.4(b). I recommend that the Court strike the surreply.

at 7. Plaintiff also claims that she is a foreign entity, because her "property and land are on a foreign domicile, within New Mexico, but outside New Mexico and the Federal Zone." *Doc. 1* at 2-3, 5. Particularly, Plaintiff alleges that she is a diplomat of the foreign state Bradford Republic, is immune from the enforcement of New Mexico laws pursuant to the Foreign States Immunities Act ("FSIA"), and that New Mexico state agents are prohibited from entering her property. *See doc. 1* at 3, 5-7; *doc. 11* at 3-4. *See also* 28 U.S.C. §§ 1330, 1332, 1391(f), 1441(d), 1604-1611 (codifying the FSIA).

In response, Defendants filed a Motion to Dismiss for Failure to State a Claim on March 26, 2018, arguing that Plaintiff's case should be dismissed because Plaintiff's Complaint fails to state a claim upon which relief can be granted, and because Defendants are immune from suit. *Doc. 16*. Plaintiff filed her Response on April 6, 2018, and Defendants submitted their Reply on April 24, 2018. *Docs. 17, 19*. Plaintiff then filed an unauthorized surreply on May 2, 2018. *Doc. 22*. On July 13, 2018, the Court referred this case to me for recommended findings and final disposition. *Doc. 28*.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a Court will dismiss a complaint for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Specifically, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing whether a complaint meets this standard, the Court is to first

2

"identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Then, accepting only the well-pleaded factual allegations as true and viewing them in the light most favorable to the plaintiff, the court is to consider whether "they plausibly give rise to an entitlement to relief." *Barrett v. Orman*, 373 F. App'x 823, 825 (10th Cir. 2010) (unpublished) (quoting *Iqbal*, 556 U.S. at 677-78); *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Where, as here, a party is proceeding *pro se*, the court is to liberally construe her pleadings. *Casanova*, 595 F.3d at 1125. "But the court [is] not [to] 'assume the role of advocate for the pro se litigant.'" *Baker v. Holt*, 498 F. App'x 770, 772 (10th Cir. 2012) (unpublished) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). In other words, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110.

III.  **ANALYSIS**

Having reviewed Plaintiff's Complaint and Supplement, and construing the pleadings in the manner most favorable to Plaintiff, the Court nevertheless fails to find any claim made by Plaintiff upon which relief can be granted. The undersigned has identified

three possible bases for the claims brought by Plaintiff: (i) enforcement of a constitutional right pursuant to 42 U.S.C. § 1983; (ii) the criminal statutes of New Mexico; and (iii) the Foreign States Immunities Act.

The first possibility is easily rejected, because Plaintiff explicitly states that she is not pursuing any claims under 42 U.S.C. § 1983. *Doc. 17* at 7. Indeed, she argues that she "has no Civil Rights." *Id*. Presumably, she takes this approach because a contrary position would undermine her argument that she is not a citizen of the United States. *Id.* (explaining that Defendants are wrong in construing Plaintiff's complaint as seeking relief under § 1983, because "[a] non U.S. citizen [cannot] sue under Title 42 at section 1983, as Defense Counsel alleges."). Nonetheless, as the master of her Complaint, it is clear that Plaintiff is not asserting a claim pursuant to Section 1983. *See The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913) ("Of course, the party who brings a suit is master to decide what law he will rely upon"); *see also Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809, n. 6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced.").

Second, Plaintiff seeks to sue Defendants under various New Mexico criminal statutes regarding conspiracy, unlawful taking of a motor vehicle, false imprisonment, and harassment. *Doc. 1* at 3-4.[2] However, unless a criminal statute provides a private right of action, a private individual, such as Plaintiff, has no authority to enforce it. *See Andrews v.*

---

[2] Specifically, Plaintiff cites to New Mexico Criminal Statutes N.M.S.A. §§ 30-28-2, 30-16D-1, 30-4-3, and 30-3A-2.

*Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Mamer v. Collie Club of America, Inc.*, 229 F.3d 1164, *2 (10th Cir.2000)(unpublished); *Higgins v. Neal,* 52 F.3d 337, *1 (10th Cir. 1995) ("Because allowing private citizens to initiate prosecutions would undermine prosecutorial discretion and the authority of federal prosecutors, we conclude [the party] lacks standing to maintain this criminal action"). The criminal statutes cited by Plaintiff do not contain any such private right of action. Consequently, those statutes cannot serve as the basis for her lawsuit.

Finally, Plaintiff appears to rely on the FSIA as a basis for relief, and presumably seeks to sue in her capacity as a diplomat of the Bradford Republic.[3] *See, e.g.*, *doc. 1* at 2, *docs. 21, 23*. Plaintiff primarily relies on the notion that she, as an individual, qualifies as a "foreign state" within the meaning of the FSIA, which provides that "a foreign state shall be immune from the jurisdiction of the court of the United States and of the States" except as provided in the Act's various exceptions. 28 U.S.C. § 1604; *see also doc. 1* at 2-3. This reliance suffers from at least two flaws. First, the "term 'foreign state' on its face indicates a body politic that governs a particular territory." *Samantar v. Yousuf*, 560 U.S. 305, 315 (2010). Plaintiff, as a solitary individual, does not qualify under this meaning. Plaintiff may argue that the Bradford Republic exists as an entity separate from her and that she is acting as its agent or instrumentality as defined in FSIA. However, the Supreme Court has

---

[3] Although Plaintiff fails to elaborate regarding the particular relief she seeks under the FSIA, it is apparent that Plaintiff relies on the FSIA, due to her frequent mentioning of the Act throughout her briefing. *See, e.g.*, *doc. 1* at 2 (characterizing the federal question presented as "Does the rest of [the Foreign Sovereigns Immunity] Act pertain to the Plaintiff; meaning Title 28 at the following sections: 1602 – 1611?"); *doc. 21* at 2 ("Plaintiff . . . has attempted to show why her mini-state, the Bradford Republic, and the Plaintiff herself, should fall under Title 28 Section 1604 and be exempt from state and federal prosecution.").

5

rejected the proposition that an individual representing a foreign government can qualify for immunity under the FSIA. *Id*. at 313-25. Second, the FSIA only confers immunity. It does not provide any basis for a cause of action. Even if one were to accept Plaintiff's dubious position that she, as a representative of her proclaimed Bradford Republic, qualifies for FSIA immunity, it would not permit her to sue in federal court. At best, it would serve as a defense in the criminal cases brought against her in state court.

In short, none of the possible bases for Plaintiff's claim are viable. As a result, Plaintiff does not bring any claims for which relief can plausibly be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV.   CONCLUSION

For the forgoing reasons, I recommend that the Court GRANT Defendants' Motion to Dismiss (*doc. 16*).

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**