# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DENISE-BRADFORD: HOLMES,

     Plaintiff,

vs.                             No. CIV. 18-0189 JB\GBW

GRANT COUNTY SHERIFF DEPARTMENT,
AND OTHERS IN DISCOVERY,

     Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO DISMISS

**THIS MATTER** comes before the Court on: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed July 31, 2018 (Doc. 29)("PFRD"), recommending that the Court grant the Defendants' Motion to Dismiss Plaintiff's Complaint, Plaintiff's Pursuant to Rule 15; Amended and Plaintiff's Addendum to Supplemental Pleadings, with Prejudice, filed March 26, 2018 (Doc. 16)("MTD"); and (ii) the Plaintiff's Motion to Dismiss Arrived on August 3, 2018; Responded to on August 15 Within the 14 Days as Demanded, filed August 16, 2018 (Doc. 30)("Objections"), objecting to the PFRD. Having reviewed all relevant materials and applicable law, the Court overrules Plaintiff Denise-Bradford: Holmes' Objections and adopts the Honorable Gregory B. Wormuth's, United States Magistrate Judge for the District of New Mexico, PFRD, thereby granting the Defendants' MTD.

## PROCEDURAL BACKGROUND

On February 26, 2018, Holmes filed her Civil Complaint, filed February 26, 2018 (Doc. 1)("Complaint"), which she supplemented on March 14, 2018, and amended on March 20, 2018.  See Pursuant to Rule 15; Amended/Supplemental Pleading, filed March 14, 2018

(Doc. 11)("Supp. Complaint"); Pursuant to Rule 15; Amended, filed March 20, 2018 (Doc. 14). Holmes contends that the Grant County Sheriff and a Grant County Sheriff Deputy violated New Mexico criminal statutes and her "Natural Rights" and "Common Law Rights" when they cited and arrested Holmes, and towed her automobile, allegedly in response to discovering Holmes driving her vehicle without a driver's license, automobile registration, or car insurance. Defense Answer Received on April 3, 2018 Response to Defense Counsel at 7:21-23, filed April 6, 2018 (Doc. 17)("Response"). See Complaint at 5:23-7:11; Supp. Complaint at 3:25-4:3. Holmes also alleges that she is a foreign entity, because her "property and land are on a foreign domicile, within New Mexico, but outside New Mexico and the Federal Zone." Complaint at 2:27-3:1. See id. at 5:9-16. Particularly, Holmes alleges that she is a diplomat of the foreign state Bradford Republic, is immune from the enforcement of New Mexico laws pursuant to the Foreign States Immunities Act, 28 U.S.C. §§ 1330, 1332, 1391(f), 1441(d), 1602-11 ("FSIA"), and that New Mexico state agents are prohibited from entering her property. See Complaint at 3:4-25, 5:1-7:17; Supp. Complaint at 3:11-4:8.

On March 26, 2018, the Defendants filed the MTD, arguing that the Court should dismiss the case because Holmes' Complaint fails to state a claim upon which relief can be granted, and because the Defendants are immune from suit. See MTD at 2-6. The MTD was fully briefed on April 24, 2018. See Defendants' Notice of Completion of Briefing, filed April 25, 2018 (Doc. 20). On July 13, 2018, the Court referred the MTD to Magistrate Judge Wormuth for recommended findings and final disposition. See Order of Reference Relating to Non-Prisoner Pro Se Cases at 1, filed July 13, 2018 (Doc. 28). On July 31, 2018, Magistrate Judge Wormuth submitted his PFRD recommending that the Court dismiss Holmes' Complaint for failure to state a claim. See PFRD at 1. Specifically, Magistrate Judge Wormuth concluded that, even

construing Holmes' claims liberally, none of the statutes on which Holmes expressly or impliedly relies for her claims affords a private right of action.

Holmes filed objections to the PFRD on August 16, 2018, arguing that the Court should not dismiss her Complaint on a number of grounds, including, among other things, that she has the fundamental right to travel, that the Defendants waived the right to assert immunity by filing a MTD rather than an Answer in response to her Complaint, that she is properly seeking civil damages for the Defendants' alleged violations of criminal laws, and that the Defendants -- and police officers generally -- lack jurisdiction over Holmes. See Objections at 5:8-8:6, 8:23-27. Further, Holmes argues that Magistrate Judge Wormuth's conclusion is at odds with the Labor Management Relations Act of 1947, 29 U.S.C. §§ 141-44, 167, 172-87 (commonly known as the "Taft-Hartley Act"), on the basis that restricting Holmes from bringing suit directly under a criminal statute creates an unlawful "closed shop," allowing only bar members to file certain lawsuits. Objections at 4:15-20.

## STANDARD OF REVIEW

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . ."). Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further

evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. 2121 E. 30th St., 73 F.3d 1057, 1059 (10th Cir. 1996)(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act [28 U.S.C. §§ 636-39], including judicial efficiency." United States v. 2121 E. 30th St., 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1195, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." United States v. 2121 E. 30th St., 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" United States v. 2121 E. 30th St., 73 F.3d at 1059 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)). In addition to requiring specificity in

objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit has stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[1]

The Tenth Circuit has also noted, "however, that [t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate." United States v. 2121 E. 30th St., 73 F.3d at 1060 (alteration in original)(quoting Moore v. United States, 950 F.2d at 659 ("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations." (citations omitted))). Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard"). In

_____

[1]Pevehouse v. Scibana is an unpublished Tenth Circuit opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated: "In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored. However, if an unpublished opinion . . . has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision." United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citation omitted). The Court concludes that Pevehouse v. Scibana, Barrett v. Orman, Baker v. Holt, Mamer v. Collie Club of America, Inc., Higgins v. Neal, Avington v. Indian Health Care Resource Center of Tulsa, and Lindsey v. Thomson have persuasive value with respect to a material issue, and will assist the Court in its preparation of this Memorandum Opinion and Order Granting Motion to Dismiss.

United States v. 2121 East 30th Street, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elected to address merits despite potential application of waiver rule, but Courts of Appeals opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's proposed findings and recommendation on "dispositive motions, the statute calls for a de novo determination, not a de novo hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980). "[I]n providing for a 'de novo determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." United States v. Raddatz, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b))(citing Mathews v. Weber, 423 U.S. 261, 275 (1976)).

The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation" when conducting a de novo review of a party's timely, specific objections to the magistrate's report. Griego v. Padilla (In re Griego), 64 F.3d 580, 584 (10th Cir. 1995). "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence[,] . . . the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing." Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir. 1987).

A "district court must clearly indicate that it is conducting a de novo determination" when a party objects to the magistrate's report "based upon conflicting evidence or testimony." Gee v. Estes, 829 F.2d at 1009. On the other hand, a district court fails to meet 28 U.S.C.

§ 636(b)(1)'s requirements when it indicates that it gave "considerable deference to the magistrate's order." Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988). A district court need not, however, "make any specific findings; the district court must merely conduct a de novo review of the record." Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000). "[T]he district court is presumed to know that de novo review is required. Consequently, a brief order expressly stating the court conducted de novo review is sufficient." Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996)(citing Griego v. Padilla (In re Griego), 64 F.3d at 583-84). "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993). The Tenth Circuit has held that a district court properly conducted a de novo review of a party's evidentiary objections when the district court's "terse" order contained one sentence for each of the party's "substantive claims" and did "not mention [the party's] procedural challenges to the jurisdiction of the magistrate to hear the motion." Garcia v. City of Albuquerque, 232 F.3d at 766. The Tenth Circuit has explained that brief district court orders that "merely repeat[] the language of § 636(b)(1) to indicate its  compliance" are sufficient to demonstrate that the district court conducted a de novo review:

> It is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis. We cannot interpret the district court's statement as establishing that it failed to perform the required de novo review.

Griego v. Padilla (In re Griego), 64 F.3d at 584.

Notably, because "Congress intended to permit whatever reliance a district judge, in the

exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations," United States v. Raddatz, 447 U.S. at 676, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," 28 U.S.C. § 636(b)(1)(C). See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d at 724-25 (holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with the de novo determination that 28 U.S.C. § 636(b)(1) and United States v. Raddatz require).

Under rule 12(b)(6) of the Federal Rules of Civil Procedure, a court will dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Specifically, a complaint must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(internal quotation marks omitted)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In assessing whether a complaint meets this standard, the court is to first "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. at 679. Then, accepting only the well-pleaded factual allegations as true and viewing them in the light most favorable to the plaintiff, the court is to consider whether "they plausibly give rise to an entitlement to relief." Barrett v. Orman, 373 F. App'x 823, 825 (10th Cir. 2010)(unpublished)(internal quotation marks omitted)(quoting Ashcroft v. Iqbal, 556 U.S. at 679). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678.

Where, as here, a party is proceeding pro se, the court is to liberally construe her pleadings. See Casanova v. Ulibarri, 595 F.3d 1120, 1125 (10th Cir. 2010). "But the court [is]

not [to] 'assume the role of advocate for the pro se litigant.'" Baker v. Holt, 498 F. App'x 770, 772 (10th Cir. 2012)(unpublished)(quoting Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)). In other words, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d at 1110.

## ANALYSIS

Having reviewed the Magistrate Judge's PFRD and Holmes' Objections thereto, the Court concludes that Holmes has not raised any Objection that refutes Magistrate Judge Wormuth's determination that Holmes' Complaint does not state a claim upon which relief can be granted. Construing Holmes' Objections liberally, the Court concludes that Holmes' primary Objection is that she has standing to seek civil damages for criminal violations and to sue directly pursuant to FSIA. As an initial matter, the Court notes that Holmes does not object to the portion of the PFRD in which Magistrate Judge Wormuth outlined the three potential statutory underpinnings of Holmes' claims. See generally Objections. The Court, therefore, now addresses de novo these three potential bases for the claims that Holmes brings, as Magistrate Judge Wormuth determines them: (i) enforcement of a constitutional right pursuant to 42 U.S.C. § 1983; (ii) New Mexico criminal statutes N.M.S.A. §§ 30-28-2, 30-16D-1, 30-4-3, and 30-3A-2; and (iii) the FSIA, and concludes that all three bases lack a sound basis in the law.

Holmes' Complaint cannot be saved from dismissal on the first base, because, as Magistrate Judge Wormuth noted in his PFRD, Holmes underscores that she is not pursuing claims under 42 U.S.C. § 1983. See Response at 7:19-21 (noting that Holmes does not sue under § 1983, because "[a] non U.S. citizen [cannot] sue under Title 42 at section 1983, as Defense Counsel alleges"). See also Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913)("Of

course, the party who brings a suit is master to decide what law he will rely upon . . . ."); Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 809 n.6 (1986)("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced.").  Holmes apparently has no objection to Magistrate Judge Wormuth's conclusion on this point, and, having conducted a de novo review of the analysis and finding it sound, the Court hereby adopts that portion of the PFRD, concluding that Holmes has not stated a § 1983 claim.

Second, the Court agrees that Holmes' efforts to sue the Defendants under numerous New Mexico criminal statutes are not sound, because -- as Magistrate Judge Wormuth properly concluded in his PFRD -- unless a criminal statute provides a private right of action, Holmes has no authority to enforce it as a non-prosecutor.  See Complaint at 3:27-4:17; Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007)(Gorsuch, J.); Mamer v. Collie Club of Am., Inc., 229 F.3d 1164, 2011 WL 1114237, at *2 (10th Cir. 2000)(unpublished table case); Higgins v. Neal, 52 F.3d 337, 1995 WL 216920, at *1 (10th Cir. 1995)(unpublished table case)("Because allowing private citizens to initiate prosecutions would undermine prosecutorial discretion and the authority of federal prosecutors, we conclude that [the party] lacks standing to maintain this criminal action.").

Holmes objects to Magistrate Judge Wormuth's PFRD on this point, because she asserts that "bar attorneys" are able to bring suits for harassment, unlawful taking of a motor vehicle, and conspiracy.  Objections at 4:21-5:6.  None of the criminal statutes that Holmes cites, however, affords a private right of action.  See N.M.S.A. § 30-28-2 (conspiracy); N.M.S.A. § 30-16D-1 (unlawful taking of a vehicle or motor vehicle); N.M.S.A. § 30-4-3 (false imprisonment); and N.M.S.A. § 30-3A-2 (harassment).  These criminal statutes, therefore, cannot properly serve as the basis for any civil lawsuit, whether a licensed attorney or a pro se plaintiff filed this case.

Holmes has pointed to no authority to suggest that an attorney could file a civil suit on a client's behalf pursuant to a New Mexico criminal statute that does not provide for a private right of action. State tort law certainly may provide a valid basis for a cognizable civil claim stemming from conduct that the state also criminalizes, but Holmes has not brought tort claims against the Defendants; rather, as she reiterates in her Objections, "Plaintiff is asking for civil penalties for violating criminal acts." Objections at 5:7. Yet, as Magistrate Judge Wormuth properly concluded, private citizens lack standing to maintain criminal actions even if licensed attorneys represent them. See Andrews v. Heaton, 483 F.3d at 1076 (holding that criminal statutes which do not provide for a private right of action are not enforceable through a civil action); Higgins v. Neal, 1995 WL 216920, at *1 (same). This lack of standing is unrelated to Holmes' pro se status, such that Holmes' reliance on the Taft-Hartley Act to argue that Magistrate Judge Wormuth has effectively created a "closed shop" for licensed attorneys to bring such claims lacks a sound basis in the law. The Court will, therefore, overrule Holmes' Objection on this point.

Next, the Court agrees with Magistrate Judge Wormuth's conclusion that Holmes does not state a claim pursuant to the FSIA in her capacity as an alleged diplomat of the foreign state of the Bradford Republic. See, e.g., Complaint at 2:23-26; Federal Question Pursuant to Treaties the United States is Party To at 2:6-16, filed April 25, 2018 (Doc. 21); Response to Defendants Reply (Received on April 27, 2018) at 8:26-9:1, filed May 2, 2018 (Doc. 22). Holmes offers no express argument regarding this conclusion in her Objections. See generally Objections. Nonetheless, construing Holmes' pleadings liberally, the Court affirms Magistrate Judge Wormuth's conclusion that the FSIA confers only immunity. Like the New Mexico criminal statutes, it does not provide any private right of action. Therefore, even if the Court accepts

Holmes' argument that she falls within the ambit of the FSIA's definition of "foreign state," such that she qualifies for FSIA immunity, the statute would still not permit her to sue in federal court. At best, it would serve as a defense in the criminal cases that the state prosecutes against her in state court. The FSIA, therefore, does not confer on Holmes a private right of action, and the Court overrules any Objection to the contrary.

Finally, Holmes objects to the PFRD on various other grounds, including: (i) Holmes does not consent to the Magistrate Judge; (ii) the Defendants waived their right to move to dismiss Holmes' Complaint, because they "never pleaded that Plaintiff was <u>not</u> illegally arrested without a warrant, or that Plaintiff's auto was <u>not</u> stolen," Objections at 3:24-25; (iii) Holmes has the fundamental right to travel unencumbered by vehicle licensing and registration requirements; and (iv) the Defendants are not immune from suit and are incompetent. As to the first of these Objections, rule 72(b)(1) of the Federal Rules of Civil Procedure requires a Magistrate Judge, upon the Court's order of reference, to enter proposed findings of fact and a recommended disposition on dispositive pretrial matters "without the parties' consent." Of course, such a recommended disposition is subject to the Court's de novo review and ultimate determination, and the Court must review any Objections that the parties file. <u>See</u> Fed. R. Civ. P. 72(b)(2). This Memorandum Opinion and Order Granting Motion to Dismiss constitutes the de novo review to which Holmes is entitled, and thus her Objection that she does not consent to Magistrate Judge Wormuth pursuant to rule 73(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(c) lacks a sound basis in the law, and the Court overrules the Objection.

As to the second of these Objections, the Federal Rules of Civil Procedure require the Defendants to assert a 12(b)(6) defense of failure to state a claim upon which relief can be granted by motion "before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b).

The Defendants, therefore, properly comply with federal procedure by filing the MTD in lieu of an Answer to the Complaint, and Holmes' Objection that this decision should be taken as an admission of all the Complaint's allegations lacks a sound basis in the law, and the Court hereby overrules Holmes' second Objection.

As to the third Objection, again, Holmes does not overcome the fundamental barrier to her claims, which is that she has not pointed to any statute or constitutional provision that provides a private right of action to vindicate any "right to travel" unencumbered by vehicle licensing and registration requirements. Moreover, Holmes does not raise either of these arguments in her Response to the Defendants' MTD, meaning that Holmes has waived both of these arguments and may not raise them for the first time in her Objections, even if they had merit. See United States v. Garfinkle, 261 F.3d at 1031.

Finally, with regard to Holmes' Objection that the Defendants are not immune from suit, the Court need not decide that issue to rule on the MTD. Holmes must first state a claim upon which relief may be granted before the Court must decide whether the Defendants are immune to such a claim. For the reasons already explained in this Memorandum Opinion and Order Granting Motion to Dismiss, Holmes has not stated any claim upon which relief may be granted. Thus, her Complaint is subject to dismissal pursuant to rule 12(b)(6) notwithstanding the proper resolution of the Defendants' asserted affirmative defense of immunity. Nevertheless, the Court will briefly address this Objection, because, "[a]lthough pro se plaintiffs are usually allowed to amend their complaints, dismissal with prejudice for failure to state a claim is proper 'where it is obvious that the plaintiff cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend.'" Avington v. Indian Health Care Res. Ctr. of Tulsa, 712 F. App'x 825, 826 (10th Cir. 2018)(unpublished)(quoting Oxendine v. Kaplan, 241 F.3d 1272,

1275 (10th Cir. 2001)). The Court does not intend to allow Holmes an opportunity to amend her Complaint in part because any such amendment would be futile in light of the Defendants' entitlement to immunity. For example, if Holmes were to amend her Complaint to assert § 1983 claims stemming from the same facts already alleged, the individual Defendants would be entitled to qualified immunity because of Holmes' failure to point to any case law clearly establishing that it violates the Constitution of the United States of America or any federal statute to detain a person driving an unregistered vehicle without a driver's license. See Pearson v. Callahan, 555 U.S. 223, 232 (2009)("Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right."). See also Reitz v. Mealey, 314 U.S. 33, 36 (1941), overruled in part on other grounds by Perez v. Campbell, 402 U.S. 637, 652-54 (1971)("The use of the public highways by motor vehicles, with its consequent dangers, renders the reasonableness and necessity of regulation apparent. The universal practice is to register ownership of automobiles and to license their drivers."). Moreover, Defendant Grant County Sheriff Department is not a legally suable entity in any event. See Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985); Lindsey v. Thomson, 275 F. App'x 744, 747 (10th Cir. 2007)(unpublished).

In sum, the Court agrees that none of the three possible statutory bases for Holmes' claims -- 42 U.S.C. § 1983, New Mexico criminal statutes N.M.S.A. §§ 30-28-2, 30-16D-1, 30-4-3, 30-3A-2, or the FSIA -- provides a viable cause of action to Holmes. Further, none of the Objections raised by Holmes refutes Magistrate Judge Wormuth's conclusion. As a result, the Court agrees with Magistrate Judge Wormuth's conclusion that Holmes does not bring any claims for which relief can plausibly be granted. See Ashcroft v. Iqbal, 556 U.S. at 678. Moreover, notwithstanding Holmes' pro se status, the Court shall not grant her leave to amend

her Complaint to remedy her failure to state a claim, because the Court concludes that Holmes cannot prevail on any possible constitutional or other federal claim based on the facts alleged. Avington v. Indian Health Care Res. Ctr. of Tulsa, 712 F. App'x at 826.

**IT IS ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed July 31, 2018 (Doc. 29), are adopted; (ii) the Plaintiff's objections to the PFRD in her Motion to Dismiss Arrived on August 3, 2018; Responded to on August 15 Within the 14 Days as Demanded, filed August 16, 2018 (Doc. 30), are overruled; (iii) the Defendants' Motion to Dismiss Plaintiff's Complaint, Plaintiff's Pursuant to Rule 15; Amended and Plaintiff's Addendum to Supplemental Pleadings, with Prejudice, filed March 26, 2018 (Doc. 16), is granted; and (iv) the Plaintiff's Civil Complaint, filed February 26, 2018 (Doc. 1), is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Denise-Bradford: Holmes
Mimbres, New Mexico

    *Plaintiff pro se*

Jonlyn M. Martinez
Law Office of Jonlyn M. Martinez, LLC
Albuquerque, New Mexico

    *Attorney for the Defendants*