IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DENISE-BRADFORD: HOLMES,

    Plaintiff,

vs.                                                                                                No. CIV 18-0189 JB\GBW

GRANT COUNTY SHERIFF DEPARTMENT,
AND OTHERS IN DISCOVERY,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING MOTION PURSUANT TO RULE 52(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE

**THIS MATTER** comes before the Court on the Plaintiff's Reply to Motion to Dismiss with Prejudice by Judge James O. Browning Motion Pursuant to F.R.C.P. 52(b), filed October 16, 2019 (Doc. 33)("Motion to Amend"). Because Plaintiff Denise-Bradford: Holmes has not demonstrated manifest legal or factual error on the Court's part, and raises no newly discovered evidence, the Court denies the Motion to Amend and declines to amend its conclusions.

## PROCEDURAL BACKGROUND

The Court provides a detailed history of the procedural background of this case in its Memorandum Opinion and Order Granting Motion to Dismiss, 2018 WL 461054, filed September 26, 2018 (Doc. 31)("MOO"), and incorporates that history by reference herein. Briefly, Denise-Bradford: Holmes filed her Complaint on February 26, 2018 (Doc. 1), which she then supplemented on March 14, 2018, see Pursuant to Rule 15; Amended/Supplemental Pleading (Doc. 11), and amended on March 20, 2018, see Pursuant to Rule 15; Amended (Doc. 14)(collectively, the "Complaint"). The Defendants moved to dismiss her Complaint on the basis of failure to state a claim and qualified immunity on March 26, 2018. See Defendants'

Motion to Dismiss Plaintiff's Complaint, Plaintiff's Pursuant to Rule 15; Amended and Plaintiff's Addendum to Supplemental Pleadings, With Prejudice (Doc. 16).  The Honorable Gregory B. Wormuth, United States Magistrate Judge for the District of New Mexico, filed his Proposed Findings and Recommended Disposition, pursuant to the Court's order of reference, see Order of Reference Relating to Non-Prisoner Pro Se Cases, filed July 13, 2018 (Doc. 28), on July 31, 2018 (Doc. 29)("PFRD").  Following a de novo review, the Court adopted Magistrate Judge Wormuth's PFRD in its Memorandum Opinion and Order Granting Motion to Dismiss.  See MOO at 1; 2018 WL 461054, at *1.

      Denise-Bradford: Holmes filed the Motion to Amend on October 16, 2018.  See Motion to Amend at 1.  Based on the title -- "Motion Pursuant to F.R.C.P. 52(b)" -- as well as the language asking the Court to "make corrections," Motion to Amend at 7:15, the Court treats Denise-Bradford: Holmes' filing as a motion under rule 52(b) of the Federal Rules of Civil Procedure.  In it, Denise-Bradford: Holmes again argues that she is not subject to statutory law, because she is not a United States of America citizen, and is therefore incapable of violating federal or state statutes.  See Motion to Amend at 3:3-4:27.  More narrowly, she argues that the Court failed to read her relevant documentation.  See Motion to Amend at 3:27-28.  Denise-Bradford: Holmes also introduces arguments for relief under the Seventh and Ninth Amendments to the Constitution of the United States.  See Motion to Amend at 2:14-3:2; id. at 5:13; id. at 5:23-24.  She denies that the Defendants are entitled to immunity.  See Motion to Amend at 6:26-7:3.  Finally, Denise-Bradford: Holmes argues that the Defendants failed to serve their briefing on her.  See Motion to Amend at 5:2-9.

**STANDARD OF REVIEW**

Rule 52(b) provides that, "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings -- or make additional findings -- and may amend the judgment accordingly." Fed. R. Civ. P. 52(b). A rule 59 motion for a new trial may accompany a motion under rule 52(b). See Fed. R. Civ. P. 52(b). "A motion made pursuant to Rule 52(b) will only be granted when the moving party can show either manifest errors of law or fact, or newly discovered evidence; it is not an opportunity for parties to relitigate old issues or to advance new theories." Blann v. Rogers, No. 11-2711-CM, 2014 WL 6895592, at *1 (D. Kan. Dec. 5, 2014)(Murguia, J.)(quoting Penncro Assocs., Inc. v. Sprint Spectrum L.P., No. 04-2549-JWL, 2006 WL 1999121, at *2 (D. Kan. July 17, 2006)(Lungstrum, J.)). See also Lyons v. Jefferson Bank & Tr., 793 F. Supp. 989, 992 (D. Colo. 1992)(Babcock, J.)(denying rule 52(b) motion where movant showed no manifest error of law or fact).

A rule 52(b) motion's purpose is "to correct manifest errors of law or fact or, in some limited situations, to present newly discovered evidence." Fontenot v. Mesa Petroleum Co., 791 F.2d 1207, 1219 (5th Cir. 1986)(citation omitted). Motions to amend should not be used "to introduce evidence that was available at trial but was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits." Fontenot v. Mesa Petroleum Co., 791 F.2d at 1219 (citations omitted). The trial court has "considerable latitude" when ruling on a motion to amend, and the decision to grant or to deny is within its "sound discretion." Matthews v. C.E.C. Indus. Corp., 202 F.3d 282, 1999 WL 1244491, at *7 (10th Cir. 1999)(unpublished table opinion).[1]

---

[1]Matthews v. C.E.C. Industries Corp. is an unpublished Tenth Circuit opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished decisions are

Where, as here, a party is proceeding pro se, the court is to liberally construe her pleadings. See Casanova v. Ulibarri, 595 F.3d 1120, 1125 (10th Cir. 2010). The court is not, however, required to "assume the role of advocate for the pro se litigant." Baker v. Holt, 498 F. App'x 770, 771 (10th Cir. 2012)(unpublished)(internal quotation marks omitted)(quoting Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)). In other words, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d at 1110.

## **ANALYSIS**

In her Motion to Amend, Denise-Bradford: Holmes does not rely, nor does she purport to rely, on any newly discovered evidence. To succeed, therefore, on her Motion to Amend, Denise-Bradford: Holmes must show that the Court made a manifest error of law or fact in its MOO. Even construing her Motion to Amend liberally, the Court concludes that Denise-Bradford: Holmes has not demonstrated any manifest error of law or fact.

To the extent that Denise-Bradford: Holmes continues to argue that she is not a United States citizen, and is not subject to federal or state statutory law, she attempts to relitigate an issue the Court has already considered. In its legal analysis, the Court determined that Denise-Bradford: Holmes did not state a claim on which relief could be granted "<u>even if</u> the Court accepts

---

not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated: "In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored. However, if an unpublished opinion . . . has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision." United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citation omitted). The Court concludes that <u>Matthews v. C.E.C. Industries Corp.</u>, <u>Baker v. Holt</u>, and <u>Lindsey v. Thomson</u> have persuasive value with respect to a material issue, and will assist the Court in its preparation of this Memorandum Opinion and Order Denying Motion Pursuant to Rule 52(b) of the Federal Rules of Civil Procedure.

Holmes' argument that she falls within the ambit of the FSIA's[2] definition of 'foreign state.'" MOO at 11-12; 2018 WL 4616054, at *5 (emphasis added). Rather, the Court determined that Denise-Bradford: Holmes' alleged status as a "non-statutory individual," Motion to Amend at 3:3-4, would at best serve as a defense in a criminal case. See MOO at 12; 2018 WL 4616054, at *5. Nothing in Denise-Bradford: Holmes' argument grants her a private right of action to sue under the enumerated statutes, and this lack of a private right of action was the basis for the Court's decision. See MOO at 10-12; 2018 WL 4616054, at *5. The Court correctly concluded that non-prosecutors do not have standing to maintain actions under criminal statutes. See MOO at 10-11; 2018 WL 4616054, at *5. Indeed, the Court specifically identified this inability to sue as the "fundamental barrier to her claims." MOO at 13; 2018 WL 4616054, at *5. Denise-Bradford: Holmes does not forward any arguments that demonstrate a manifest error with respect to this determination. She also does not support her conclusory assertion that the Court did not read her documentation with any evidence of this alleged failure, or any cogent argument that such documentation reveals a manifest error in the Court's reasoning. See generally Motion to Amend at 3-4.

Denise-Bradford: Holmes' attempts to introduce new theories of relief under the Seventh and Ninth Amendments also fail, because she may not introduce new legal theories on a motion to amend under rule 52(b). See Fontenot v. Mesa Petroleum Co., 791 F.2d at 1219; Blann v. Rogers, 2014 WL 6895592, at *1. Moreover, any attempt by Denise-Bradford: Holmes to bring her claim under the Seventh or Ninth Amendments would be doomed to fail for the same reasons as her statutory claims, namely, the lack of a private right of action. While 42 U.S.C. § 1983 provides a

---

[2]"FSIA" stands for the Foreign States Immunities Act, 28 U.S.C. §§ 1330, 1332, 1391(f), 1441(d), 1602-11.

federal cause of action against persons who violate federal rights, see Conn v. Gabbert, 526 U.S. 286, 290 (1999), any claim available under § 1983 is foreclosed because of Denise-Bradford: Holmes' repeated and continued insistence that she does not bring any claims under § 1983. See Motion to Amend at 5:15; Defense Answer Received on April 3, 2018 Response to Defense Counsel at 7:19-21, filed April 6, 2018 (Doc. 17)("Response").

Denise-Bradford: Holmes argues that she was "denied justice under the 7th Bill of Rights; lack of due process for Civil Penalties in excess of $20." Motion to Amend at 2:26-27. Although the basis of Denise-Bradford: Holmes' argument is somewhat unclear, she presumably refers to the Seventh Amendment provision that, "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend. VII. It is well established, however, that, "[i]n numerous contexts, gatekeeping judicial determinations prevent submission of claims to a jury's judgment without violating the Seventh Amendment." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 327 n.8 (2007)(citation omitted). Even if Denise-Bradford: Holmes were able to cite a constitutional or statutory provision granting her a private right of action to enforce her Seventh Amendment rights, which she has not done, she has nevertheless not stated any claim that the Court violated those rights by ruling on the Defendants' Motion to Dismiss.

Despite her mention of the Seventh Amendment, Denise-Bradford: Holmes appears to rely principally on the Ninth Amendment in formulating her new theory for relief. She expresses the hope that "Judge James O Browning will make corrections to his Motion to Dismiss With Prejudice, on the new theories expressed. That being Civil Rights under the 9th Amendment to the Bill of Rights and not under Title 42 for U.S. citizens." Motion to Amend at 7:16-17. Again, this argument is admittedly a "new theor[y]," which may not be raised for the first time on a motion

under rule 52(b). However, even if this theory had earlier been raised, it would fail for the same reason that the Court articulated: the lack of a private right of action. Denise-Bradford: Holmes explicitly does not sue under § 1983, and she points to no other source for a private right of action to enforce the Ninth Amendment.[3]

There has been no showing of manifest error in the Court's conclusion that Denise-Bradford: Holmes' Complaint does not state a claim under which relief could be granted, particularly because, even if Denise-Bradford: Holmes could conceivably make out a cognizable constitutional claim against the Defendants, qualified immunity continues to protect the Defendants. As the Court previously explained:

> The Court does not intend to allow Holmes an opportunity to amend her Complaint in part because any such amendment would be futile in light of the Defendants' entitlement to immunity. For example, if Holmes were to amend her Complaint to assert § 1983 claims stemming from the same facts already alleged, the individual Defendants would be entitled to qualified immunity because of Holmes' failure to point to any case law clearly establishing that it violates the Constitution of the United States of America or any federal statute to detain a person driving an unregistered vehicle without a driver's license.

MOO at 14; 2018 WL 4616054, at *6 (citations omitted). Denise-Bradford: Holmes has demonstrated no error in this conclusion. She has not pointed to any cases clearly establishing a right not to be detained for driving an unregistered vehicle without a driver's license. See generally Motion to Amend 1-7.

Denise-Bradford: Holmes does argue that the individual Defendants are not entitled to qualified immunity. See Motion to Amend at 6:26-27 ("There is no sheriff department that is immune from a law suit."). She also contends that "the Honorable Judge Browning does not

---

[3]Neither can she establish an implied right of action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)("Bivens"). Bivens actions apply to federal, not state, officials.

understand the difference between a sheriff department and a municipal police department." Motion to Amend at 5:27-28. While Denise-Bradford: Holmes' reasoning is opaque, the Court's conclusion that the "Defendant Grant County Sheriff Department is not a legally suable entity in any event," MOO at 14; 2018 WL 4616054, at *6, has support in legal precedent. See, e.g., Lindsey v. Thomson, 275 F. App'x 744, 747 (10th Cir. 2007)(unpublished)(noting that "Carter County Sheriff's Department" is not a legally suable entity); Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985)("The 'City of Denver Police Department' is not a separate suable entity, and the complaint will be dismissed as to it."), vacated as moot, 800 F.2d 230 (10th Cir. 1986). In short, the Court correctly concluded that the Defendants Raul D. Villanueva and Billie Mize are entitled to qualified immunity, and that Defendant Grant County Sheriff Department is not a legally suable entity. See MOO at 14; 2018 WL 4616054, at *6.

Finally, Denise-Bradford: Holmes' contention that the Defendants did not serve their briefings on her, see Motion to Amend at 5:2-9, even if true, has no material bearing on the correctness of the Court's determination. The Defendants' alleged failure to serve is not a manifest error of the Court. Moreover, while it is unclear precisely which documents allegedly were not served, Denise-Bradford: Holmes was evidently aware of the Defendants' Motion to Dismiss as she timely filed a Response thereto. See Response. Thus, Denise-Bradford: Holmes' lack of awareness could not have affected the Court's decision. In sum, Denise-Bradford: Holmes has neither introduced newly discovered evidence, nor shown manifest legal or factual error in the Court's ruling.

**IT IS ORDERED** that the relief sought in the Plaintiff's Reply to Motion to Dismiss with Prejudice by Judge James O. Browning Motion Pursuant to F.R.C.P. 52(b) (Doc. 33), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Denise-Bradford: Holmes
Mimbres, New Mexico

    *Plaintiff pro se*

Jonlyn M. Martinez
Law Office of Jonlyn M. Martinez, LLC
Albuquerque, New Mexico

    *Attorney for the Defendants*